# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-974


**DAVID MORTUARY, LLC, ET AL.**

**VERSUS**

**ROYAL J. DAVID, ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125587
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**DAVID KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Jimmie C. Peters, and David Kent Savoie,
Judges.



**AFFIRMED.**

**Raymond E. Allain, Sr.**
**Allain & Allain**
**Post Office Box Box 467**
**Jeanerette, LA 70544-0467**
**(337) 276-5004**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Danny David, Jr.**

**Nicholas F. LaRocca  Jr.,**
**Nicholas F. LaRocca, Jr., Ltd.**
**Post Office Box Box 2466**
**Morgan City, LA 70381-2466**
**(985) 385-4800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Danny David, Sr.**

**Jeffrey Ackermann**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**Lafayette, LA 70503**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **David Mortuary, LLC**
    **Richard G. David**
    **Lance M. David**
    **Kelly D. Perkins**

**Ed W. Bankston**
**Attorney at Law**
**1104 W. University Avenue**
**Lafayette, LA 70506**
**(337) 237-4223**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **David Mortuary, LLC**
    **Richard G. David**
    **Lance M. David**
    **Kelly D. Perkins**

**Frank S. Slavich, III**
**Babineaux, Poche´, Anthony & Slavich, L.L.C.**
**Post Office Box 52169**
**Lafayette, LA 70505-2169**
**(337) 984-2505**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Royal J. David**

**SAVOIE, Judge.**

Plaintiffs David Mortuary, L.L.C., Richard G. David (Richard), Lance M. David (Lance), and Kelly David Perkins (Kelly) appeal the decision of the trial court finding in favor of Defendants Danny J. David, Sr. (Danny, Sr.), Danny J. David, Jr. (Danny, Jr.) and Royal J. David (Royal). For the following reasons, we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

Dennis David and Cora Mae David, with their son, Danny J. David, Sr., formed David Mortuary, Inc., a Louisiana corporation domiciled in Iberia Parish, on September 30, 1969. When Dennis and Cora Mae retired, they donated all of the stock they owned to their three sons equally, Danny, Sr., Richard, and Royal, so that each son owned eighty-eight (88) shares. Two additional shares were issued in 2005 to Danny, Sr.'s son, Danny Jr., and Richard's daughter, Kelly. On November 27, 2007, David Mortuary, Inc. was converted from a corporation to a limited liability company. Each of the shareholders became members of the limited liability company. Danny, Sr., Richard, and Royal each held a 33.083% capital interest, while Kelly and Danny, Jr. held a .3755% capital interest. The Articles of Organization of David Mortuary, L.L.C. require co-management, and Danny, Sr. and Richard were named as co-managers. There has never been an operating agreement.

The trouble begins in February 2014 when Richard, along with his son Lance David (Lance) and Kelly, attempted to remove the other members from the company. On February 2, 2014, notice was sent to the members notifying them of a member meeting set for February 11, 2014 at 2:00 p.m. Richard, Kelly, Danny, Sr., and Royal attended the meeting. After that meeting was adjourned, another

meeting was held beginning at 2:30 p.m. Present were Richard, Kelly, Royal and Lance. What occurred at these meeting is at the heart of this case. Richard, Kelly, and Lance take the position that Danny, Sr. and Danny, Jr. were removed as members of David Mortuary, L.L.C. but kept their ownership in the company. They also contend that Lance was admitted as a member of the company. Danny, Sr., Danny, Jr., and Royal disagree.

Nearly a year later, in January 2015, Royal and Danny, Sr. sent written notice of a proposed special meeting of the members to be held on January 6, 2015. However, before that meeting could take place, Richard, Kelly, and Lance met on January 4, 2015, whereby they removed Royal as a member of David Mortuary, L.L.C., while allowing him to keep his ownership interest. Royal, Danny, Sr., and Danny Jr. proceeded with the special meeting on January 6, 2015, adopting certain resolutions affecting the company.

Richard, Kelly, and Lance, on behalf of themselves and David Mortuary, L.L.C. filed a petition on January 9, 2015 against Royal, Danny, Sr., and Danny, Jr. for declaratory judgment and injunction. The petition requested that the court declare the January 6, 2015 meeting to be null and void and enjoin the defendants from conducting any corporate activity. Defendants filed an Exception of No Cause of Action, Answer, and Reconventional Demand in response.

The trial on the merits of this matter was held on May 12-13 and June 3, 2015. The trial court ruled in favor of Royal, Danny, Sr., and Danny, Jr.: (1) granting the peremptory exception of no cause of action filed on behalf of Defendants; (2) dismissing Plaintiffs' petition with prejudice; (3) finding that David Mortuary, L.L.C. has continued to have only five members since the 2007 conversion, specifically, Danny, Sr., Danny, Jr., Royal, Richard, and Kelly; (4) it

2

found that Danny, Sr., Danny, Jr., and Royal were never removed or expelled as members of David Mortuary, L.L.C.; (5) finding that Lance is not and never has been a member of David Mortuary, L.L.C.; (6) finding that Danny, Sr. was never removed as co-managing member of David Mortuary, L.L.C.; (7) finding that the articles of organization of David Mortuary, L.L.C. were properly amended to modify the management structure to provide for three managing members who were validly installed in that position by a vote of the majority of the members at the January 6, 2015 meeting; and (8) ordering the Secretary of State of Louisiana to modify the data maintained for David Mortuary, L.L.C. in adherence with the judgment. As a result of this judgment, Plaintiffs filed the present appeal.

## ASSIGNMENT OF ERRORS

1. The district court erred in finding that the Limited Liability Law of Louisiana does not provide for removal of a member from participation in management and in excluding evidence of the cause for removal.

2. The district court erred in finding that Danny David, Sr. was not properly removed as a manager at the February 11, 2014 annual meeting.

3. The district court erred in finding that Lance David was not properly admitted as a Member.

4. The district court erred in finding the meeting called by Appellees for January [6], 2015 to be valid.

## STANDARD OF REVIEW/

## ASSIGNMENT OF ERROR NUMBER ONE

There is a disagreement amongst the parties over which standard of review applies in this case. A discussion of Assignment of Error Number One is necessary here to determine whether we will utilize the manifest error standard of review or the de novo standard of review. Plaintiffs contend that the trial judge

erred in applying the law regarding removal of a member of a limited liability company and, as such, this court, as the reviewing court, should conduct a de novo review of the record. *See Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. We disagree.

When David Mortuary, Inc. was converted to a limited liability company, no operating agreement was adopted. The only document relating to the operation of the company is the Articles of Organization, which is silent as to the removal of a member. The statutes are likewise silent on the issue. *See La.R.S. arts. 1301-70.* Plaintiffs, however, attempted to remove Danny, Sr. and Danny, Jr. at the 2:30 p.m. meeting on February 11, 2014, and Royal at the January 4, 2015 meeting. The trial court found that "[w]ithout any Operating Agreement that specifies if, or how, a member can be expelled or removed[,] [it] becomes apparent that such cannot be accomplished in the case at bar pursuant to the facts that were presented and the circumstances that were presented in this case."

Plaintiffs argue that a member can be expelled under Louisiana law. Louisiana Revised Statutes 12:1303(A) provides, "All limited liability companies, regardless of date of organization, shall have the powers, rights, and privileges provided for a corporation organized under the Business Corporation Law (R.S. 12:1 et seq.), and provided for a partnership organized under Title XI of Book III of the Louisiana Civil Code." Louisiana corporation law does not have a provision regarding removal of a shareholder, however, the partnership articles do speak to this issue. "A partner ceases to be a member of a partnership upon . . . his expulsion from the partnership." La.Civ.Code art. 2818. Further, [a] partnership may expel a partner for just cause. Unless otherwise provided in the partnership

4

agreement, a majority of the partners must agree on the expulsion." La.Civ.Code art. 2820.

Appellants cite *In the Matter of Cat Island Club, LLC*, 11-1557 (La.App. 3 Cir. 5/2/12), 94 So.3d 75, for the proposition that the partnership laws can supplement the limited liability company laws. That case involved the dissolution of a limited liability company. This court held that the dissolution was warranted and that the trial court was authorized to appoint a liquidator under the Louisiana Limited Liability Company Laws.

Not only do we find this case to be factually distinguishable from the present matter, but we also find the language relied upon by Plaintiffs to be dicta, which is not binding on this court. The dissolution of the company was authorized by statute. *See* La.R.S. 12:1334(4); La.R.S. 12:1335. Further, Louisiana Revised Statutes 12:1336 provides for the appointment of a liquidator to wind up the affairs of the company. A liquidator was appointed and authorized to act subject to the oversight and supervision of the court. The language regarding the trial court's discretion to grant authority to the liquidator pursuant to the then-existing Louisiana Business Corporation Law via La.R.S. 12:1303 is dicta. If taken to its logical conclusion, the supplementation of the limited liability company laws with either the corporation laws or the partnership laws will open up "Pandora's box." How would a limited liability member even be classified – as a director, shareholder, officer, partner, etc.? When the corporation law and the partnership laws are at odds, which takes precedent? The ability to "cherry-pick" certain statutes applicable to a litigant's claim has no place in the law.

In the case at bar, there is no statutory authority for removal of a member. We find this to be an operational function of the company which is not provided

5

for under the Louisiana Limited Liability Company Law. We find that La.R.S. 12:1303 refers to the separate legal existence of the *company* and its rights, powers and duties apart from its members. While Louisiana law does not include a provision allowing members to expel another member, members of a limited liability company can alleviate this problem by including relevant provisions in its articles of organization or an operating agreement. Absent a contractual basis for doing so, a member of a limited liability company may not be expelled. We find this assignment to be without merit. The issue of whether the exclusion of evidence regarding just cause was in error is moot.

Having found that the district court properly applied the law, its determinations were factual and, therefore, the manifest error standard applies.

> [A] court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.

*Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989) (citations omitted).

### ASSIGNMENT OF ERROR NUMBER TWO

Next, Plaintiffs argue that the trial court erred in finding that Danny, Sr. was not properly removed as a manager. The trial court found that the removal of Danny, Sr. as co-manager of David Mortuary, L.L.C. was ineffective because he was not removed in accordance with the statute. Louisiana Revised Statutes 12:1313(2) provides: "Any or all managers may be removed by a vote of a majority of the members, with or without cause, at a meeting called expressly for that purpose."

The Articles of Organization state that David Mortuary, L.L.C. shall be managed by co-managing members, specifically, Richard and Danny, Sr. The articles go on to state that Richard and Danny, Sr. "shall serve until his or her resignation or removal." The removal of Danny, Sr. as a co-manager was attempted at the 2:30 p.m. meeting on February 11, 2014. There was no notice sent to the members of David Mortuary, L.L.C. disclosing this meeting. A notice was sent regarding the 2:00 p.m. meeting on the same day, which meeting was completed and adjourned according to the minutes. Because no notice was sent, the removal did not take place "at a meeting called expressly for that purpose." La.R.S. art. 12:1313(2). Further, while there is an item on the agenda calling for the election of a member of David Mortuary, L.L.C., there is no item on the agenda calling for the removal of Danny, Sr. as co-manager.

Based on the evidence, we conclude the trial court was not clearly wrong or manifestly erroneous in finding that Danny, Sr. was never removed as co-manager of David Mortuary, L.L.C.

## ASSIGNMENT OF ERROR NUMBER THREE

Plaintiffs complain that the trial court erred in finding that Lance was not admitted as a member of David Mortuary, L.L.C. Louisiana Revised Statutes art. 12:1301(13) defines a "member" of a limited liability company as "a person with a membership interest in a limited liability company with the rights and obligations specified under this Chapter." "'Membership interest' or 'interest' means a member's rights in a limited liability company, collectively, including the member's share of the profits and losses of the limited liability company, the right to receive distributions of the limited liability company's assets, and any right to vote or participate in management." La.R.S. 12:1301(14).

Lance has been employed by David Mortuary, L.L.C. since 2009, and he has been the funeral director there since 2012. He is paid a salary which he testified was reasonable compensation. This salary does not fall under the definition of a membership interest. Lance testified that he received a share of his father Richard's membership interest through donation. Richard testified to the same. Pursuant to La.R.S. art. 12:1332, "An assignee of an interest in a limited liability company shall not become a member or participate in the management of the limited liability company unless the other members unanimously consent in writing."

Lance was purportedly added as a member of David Mortuary, L.L.C. at the 2:30 p.m. meeting held on February 11, 2014. Item three of the minutes from that meeting states "[i]t was suggested that Lance M. David be added as a member to David Mortuary, L[.]L[.]C. . . . ." There was no motion raised on the issue; it was merely a suggestion. The votes are listed at the end of the minutes, presumably for all of the items that were discussed during the meeting. The votes show Richard, Kelly, Royal and Lance in favor. The testimony at trial of the parties present is that Lance was added as a member. However, the addition was done orally and not in writing as required by La.R.S. 12:1332.

Further, the addition of Lance as a member of David Mortuary, L.L.C. was not conducted by unanimous consent in accordance with La.R.S. 12:1332. We have already determined that the district court properly applied the law in finding that Danny, Sr. and Danny, Jr. were not removed as members of the company. Consequently, they were still members when the 2:30 p.m. meeting was held on February 11, 2014. Because they were not present, they did not vote to add Lance as a member. Therefore, unanimous consent is lacking.

After a review of the evidence, we do not find the trial court was clearly wrong or manifestly erroneous in finding that Lance was not added as a member of David Mortuary, L.L.C.

## ASSIGNMENT OF ERROR NUMBER FOUR

Finally, Plaintiffs complain that the trial court erred in finding the January 6, 2015 meeting was valid. Notice was sent by Royal and Danny, Sr. to Richard, Kelly, Danny, Jr. and Lance. The notice stated that Lance was only included in the notification because he was listed as a member on the Louisiana Secretary of State's website. It went on to state that the members calling the meeting reserved all rights to challenge Lance's membership. Danny, Sr., Royal and Danny, Jr. attended the January 6, 2015 meeting.

Louisiana Revised Statutes 12:1318 provides that "[u]nless otherwise provided in the articles of organization or a written operating agreement, each member of a limited liability company shall be entitled to cast a single vote on all matters properly brought before the members, and all decisions of the members shall be made by majority vote of the members." Having previously affirmed the trial court's decision that Lance was not a member of the company, three of the five members were present at the January 6, 2015 meeting, constituting a majority.

Richard, Kelly, and Lance claim to have removed Royal as a member at the January 4, 2015 meeting, which would mean a majority was not present on January 6, 2015. Not only was there no notice of the January 4, 2015 meeting, there was also not a majority of members present to make decisions because Lance was not a member. As such, any action taken to remove Royal as a member during the January 4, 2015 meeting is null and void.

We find that the trial court was not clearly wrong or manifestly erroneous in finding the January 6, 2015 meeting was valid based on the record.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiffs David Mortuary, L.L.C., Richard G. David, Lance M. David, and Kelly David Perkins.

**AFFIRMED.**